| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

UNITED STATES OF AMERICA § 
§ 
*versus* § CRIMINAL CASE NO. 1:11-CR-88(2) 
§ 
JAMES JEROME GOUDEAU §

### ORDER

Pending before the court are Defendant James Jerome Goudeau's ("Goudeau") *pro se* Objections to the District Court's Denial to the Modification of 18 U.S.C. § 3582(c)(2) Retroactive Guideline Amendment (#634). On January 12, 2012, Goudeau pleaded guilty pursuant to a binding plea agreement to counts one and two of the indictment, which charged him with violations of 21 U.S.C. § 846 and 18 U.S.C. § 1956(h). Thereafter, Goudeau was sentenced to 210 months' imprisonment in accordance with the plea agreement.

On April 20, 2015, Goudeau moved for a sentence reduction pursuant to Amendment 782. His motion was denied on September 29, 2015. As explained in the prior order, Goudeau's sentencing range was not affected by Amendment 782. Rather, he was sentenced as a career offender, and the sentence imposed was pursuant to a binding plea agreement and not based on an amount or type of drug. *See United States v. Valdez*, No. 15-40051, 2015 WL 5158698, at *1 (5th Cir. Sep. 3, 2015) (holding Amendment 782 does not apply to prisoners sentenced as career offenders); *United States v. Delgado*, Cr. No. C-08-104(2), 2015 WL 1034241, at *2 (S.D. Tex. Mar. 10, 2015) (appeal pending) ("Amendment 782 does not apply to all drug offenders. It excludes those who were sentenced based upon offense levels calculated by means other than the drug quantity tables.").

For these reasons, Goudeau's objections are OVERRULED.

SIGNED at Beaumont, Texas, this 28th day of October, 2015.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE